IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIAM LOWERY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | 1 : 09-CV-70 (WLS) |
| | : | |
| DONALD BARROW, Warden, | : | |
| | : | |
| Respondent. | : | |

**ORDER and RECOMMENDATION**

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 Worth County conviction for malice murder, felony murder, and aggravated assault. (Doc. 3). Petitioner was indicted by the Worth County grand jury for malice murder, felony murder, and aggravated assault on October 15, 2002. Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to life imprisonment on the malice murder charge, and the felony murder conviction was vacated by operation of law. The aggravated assault conviction merged into the malice murder conviction for sentencing purposes. Petitioner's conviction and sentence were affirmed on direct appeal in 2007. *Lowery v. State*, 282 Ga. 68, 646 S.E.2d 67 (2007).

Petitioner filed a state habeas petition on January 14, 2008 in the Superior Court of Wilcox County. (Doc. 15-2). Following an evidentiary hearing, the state habeas court denied relief on April 22, 2008. (Doc. 15-3). Petitioner's application for a certificate of probable cause to appeal was denied on April 20, 2009. (Doc. 15-4). Petitioner filed this federal habeas petition on May 7, 2009. (Docs. 1, 3).

*Motion for Leave to Supplement*

Petitioner filed a Motion for Leave to Supplement the Record to Include Ground 9 on April 27, 2011, wherein he appears to seek leave to add to the grounds for relief set out in his original and amended petitions. (Doc. 28). The Court notes that the Petitioner filed an amended petition on July 6, 2009, wherein he provides further explanation and argument supporting his grounds for relief but does not actually add new grounds. (Doc. 9). The Court notes as well that it is unclear as to the specifics of any ground Petitioner seeks to add in his Motion for Leave to Supplement. To the extent that the Petitioner now seeks, almost two (2) years after filing his original petition and more than one and a half (1 ½) years after a Response was filed by the Respondent, to add new grounds for relief, Petitioner's Motion for Leave to Supplement is **DENIED** as untimely.

### Factual Background

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings. *Id.* Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Supreme Court of Georgia, said findings are hereby adopted as follows:

> [On January 19, 2002,] Maxine Harper, the mother of appellant's

child, suffered a fatal gunshot wound that entered her head through her right ear while she was in a pickup truck with appellant and Stacey Williams, her adult son by another man.  Her body was found in the pickup truck which was parked on the shoulder of a road near her Worth County home, and her cellular telephone and the Lorcin .25 caliber semi-automatic handgun that was established to be the murder weapon were found 1.519 feet from the body.  The State presented evidence appellant had entered the victim's home earlier in the evening by kicking the door in and announcing that his pickup truck had broken down.  According to Williams, appellant argued with the victim and accused her of "going somewhere."  He then asked the victim and Williams to take him to his truck.  The trio left in Williams's pickup truck with Williams driving and following the directions appellant gave him from the passenger seat, and with the victim sitting between them.  Williams testified that while he was driving he heard a loud click and  popping noise that caused his ears to ring, and his mother rested her head on his shoulder and did not speak again.  Williams continued to drive until appellant told him to pull off the road.  When Williams stopped his truck, he heard another clicking noise and appellant reached around the victim and made a threatening gesture at Williams, who exited his truck and ran off.  He ran to the home of family friends to whom he reported that a man "had whipped" his mother.  The friends accompanied Williams back to his pickup truck where several deputy sheriffs had responded to calls for emergency assistance.  Williams told investigators he was the only one who had driven his truck that night, and he surrendered his keyring containing the truck's ignition key to the lead investigator that night.

The State presented evidence of prior incidents in which appellant had reacted violently against the victim when he believed she had been seeing another man.  A male friend of the victim testified that appellant had "busted in" to the victim's home while the witness was visiting six months before the victim was killed, had complained about the victim having another man there, and had struck the victim with his fist, knocking her off the chair on which she sat and knocking her glasses off her head.  Appellant's cousin (and the victim's sister-in-law) testified appellant had called her in January 1999 and told her he had tracked the victim to a local motel by entering her empty home and checking her telephone's "Caller ID" feature where the local motel's telephone number appeared.  Appellant told his cousin he saw the victim leave a motel room in the company of another man and "if his gun had not jammed, he would have shot them both."

*Lowery*, 282 Ga. at 68-69.

### Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts.  *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

## Petitioner's Habeas Claims

In his original and amended Petitions for federal habeas relief, the Petitioner sets forth the following grounds for relief:  1) the state habeas court violated due process in denying Petitioner the right to present questions and argument and failing to provide a copy of the habeas transcript; 2) illegal arrest; 3) conviction obtained by a false statement; 4) conviction obtained by destruction of evidence; 5) prosecutorial misconduct; 6) ineffective assistance of counsel; 7) void indictment; and 8) insufficient evidence.

*Failure to state a claim*

The Respondent maintains that Ground 1 in this federal habeas petition fails to raise a valid ground for federal habeas relief.  The Court agrees.  This ground, wherein the Petitioner alleges that the state habeas court failed to afford Petitioner the right to present questions and argument and failed to provide Petitioner with a copy of the habeas transcript, fails to state a claim for federal habeas relief, as alleged infirmities in state habeas court proceedings do not

entitle a federal habeas petitioner to relief. *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004)("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). Accordingly, this ground will not support the granting of the writ herein.

*Procedurally defaulted grounds*

The Respondent further alleges that Grounds 2, 3, 4, 5, and a portion of Ground 6 are procedurally defaulted. Specifically, the Respondent asserts that the Petitioner raised Grounds 2 and 3, the portion of Ground 4 alleging that Deputy Sapp destroyed evidence and falsified a report, and Ground 5 in his state habeas petition, and the state habeas court ruled these grounds procedurally defaulted. The Respondent further asserts that the Petitioner failed to raise in the state courts the remaining portion of Ground 4 alleging destruction or falsification of evidence by Agent Pike, and that portion of Ground 6 alleging ineffective assistance of counsel for withholding evidence and failing to raise the claim that Agent Pike falsified evidence. Respondent states that these claims are also procedurally defaulted.

Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

*Id.*

A state prisoner may not obtain federal habeas relief on a claim that the state courts

refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not raise, or failed to timely raise, the above-identified claims in the state proceedings below, rendering the claims procedurally defaulted. Petitioner has failed to establish either cause or prejudice for the procedural default of the claims at issue. The Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

*Ineffective assistance of counsel*

In the non-defaulted portion of Ground 6, the Petitioner alleges that his counsel was ineffective for failing to "raise the [meritorious] grounds now raise [sic] in the instant petition." (Doc. 9). Petitioner raised this claim in his state habeas petition, and it was ruled upon by the state habeas court.

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v.*

7

*Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985). The Petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [] strategy'". *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The Court's determination of prejudice to the Petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

After setting out and discussing the *Strickland* standard, the state habeas court found that:

> the petitioner has failed to establish that counsel's representation on appeal was deficient or unreasonable. Mr. Wolfe [petitioner's attorney] testified at the petitioner's habeas hearing that he discussed the appeal with the petitioner and his co-attorney, Bruce Harvey. Mr. Wolfe testified that he read the petitioner's trial transcript and reviewed all of the evidence in the State's file. Mr. Wolfe testified that he did not raise the issues outlined in the petitioner's habeas petition because they lacked merit: (1) the petitioner was not arrested at the scene and the trial court suppressed the statements he made to officers at the scene; (2) the jury is charged with weighing the effect of testimony, and the jury chose to believe statements made by the officers and the victim's son; (3) the destroyed evidence consisted of notes taken by an officer at the

>   scene, and that officer testified that the same information was included in his report; and, (4) although the prosecution had a circumstantial case against the petitioner, the prosecution did not commit any misconduct.  Mr. Wolfe further testified that he raised the issues that his legal research and experience indicated were viable and meritorious issues for appeal.
>
>   This Court finds that the petitioner has failed to establish that Mr. Wolfe erred or that the petitioner was prejudiced as a result of any issue counsel failed to raise.  The petitioner has failed to establish that counsel's representation was deficient or unreasonable, or that "but for counsel's errors" the appeal would have been granted.
>
>   Thus, ground five provides no basis for habeas corpus relief.
>
>   (Doc. 15-3, pp. 4-6).

It does not appear, nor has Petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law.  The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's appellate counsel provided the Petitioner with effective representation.  Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice Petitioner.  The facts as found by the state habeas court evidence counsel's effective representation.  The state habeas court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts of this case.  Therefore, that portion of Ground 6 alleging that counsel was ineffective for failing to raise viable grounds on appeal will not support the granting of habeas relief herein.

*Indictment*

In Ground 7, the Petitioner alleges that his conviction was obtained on a void indictment in violation of due process, in that the indictment does not contain "every essential element".

The Petitioner raised this claim in his state habeas petition, and the state habeas court decided this issue on its merits.

The state habeas court found that:

> [t]he petitioner was indicted by a Worth County Grand Jury for malice murder (count 1), felony murder based on aggravated assault (count 2), and aggravated assault (count 3). The petitioner's counsel filed a special demurrer to the indictment on December 23, 2002, alleging that the indictment was flawed in that the felony murder and aggravated assault counts failed to allege the method by which the petitioner committed the crimes charged, and that motion was denied by the trial court without comment on November 13, 2003. The petitioner was convicted by a jury of malice murder, felony murder, and aggravated assault on November 23, 2003, and those convictions merged by operation of law.
>
> Thus, [this ground] provides no basis for habeas corpus relief.

(Doc. 15-3, pp. 6, 7).

"In order to satisfy due process under the Fourteenth Amendment, an indictment must provide the defendant with fair notice of the charges against him in order to allow the defendant adequate preparation for his defense." *Rolland v. Chatman*, 2010 WL 5677189 (N.D.Ga.) (citing *Jackson v. Virginia*, 443 U.S. 307, 314 (1979)). "The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that it deprived the convicting court of jurisdiction." *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989).

A review of the indictment shows that Petitioner was provided fair notice of the charges brought against him. *See* Doc. 15-5, pp. 54-56. Although the Petitioner asserts that the indictment failed to contain all essential elements of the crimes for which he was charged, he does not identify any specific information that was not included in the indictment, nor does he establish that the state habeas court's finding that this ground provided no basis for relief was contrary to or an unreasonable application of federal law. Thus, Petitioner's Ground 7 provides

no basis for federal habeas relief.

*Sufficiency of the evidence*

Finally, in Ground 8, the Petitioner alleges that the evidence was constitutionally insufficient to sustain his conviction. Petitioner raised this ground on direct appeal of his conviction, and the Georgia Supreme Court ruled on the merits of this ground.

In so ruling, the Georgia Supreme Court reviewed the evidence presented at trial and found that "[t]he evidence was sufficient to authorize a rational trier of fact to find appellant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)." *Lowery*, 282 Ga. at 70.

Review of the state court's decision reveals that this decision is not contrary to or an unreasonable application of clearly established federal law, nor is it based on an unreasonable determination of the facts. The Georgia Supreme Court relied on the principles governing sufficiency of the evidence set forth in *Jackson v. Virginia,* 443 U.S. 307 (1979), viewing the evidence in the light most favorable to the verdict, and concluding that there was sufficient evidence to find the Petitioner guilty of the crime for which he was convicted and sentenced. The state court's conclusions regarding the sufficiency of the evidence reveal that its conclusions were neither contrary to nor an unreasonable application of clearly established federal law. Thus, this Court is prohibited from issuing habeas relief on the basis of the Petitioner's challenge to the sufficiency of the evidence.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief, **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may

serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO ORDERED and RECOMMENDED**, this 13th day of October, 2011.

                                                 s/ *THOMAS Q. LANGSTAFF*

                                                 **UNITED STATES MAGISTRATE JUDGE**