**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **WILLIAM LOWERY**, : | |
| Petitioner, : | Case No.: **1:09-CV-70 (WLS)** |
| v. : | |
| **DONALD BARROW, Warden**, : | |
| Respondent. : | |

### ORDER

Before the Court is a Recommendation (Doc. No. 31) from United States Magistrate Judge Thomas Q. Langstaff, filed October 13, 2011. It is recommended that Petitioner's petition (Docs. 3, 9) for federal habeas relief be denied. Plaintiff timely submitted an objection to Judge Langstaff's Recommendation entitled, "Petitioner's Written Objection in Transverse to the Magistrate Judge's Order and Recommendation." (Doc. 32).

As Judge Langstaff noted, Petitioner was indicted by the Worth County grand jury for malice murder, felony murder, and aggravated assault on October 15, 2002. Following a jury trial and the return of a guilty verdict on November 21, 2003, Petitioner was sentenced to life imprisonment on the malice murder charge, after having the aggravated assault conviction merged into the murder conviction, and having the felony murder conviction vacated by operation of law. The aggravated assault conviction merged into the malice murder conviction for sentencing purposes. Petitioner's motion for a new trial was filed on December 8, 2003, and amended on November 29, 2004.

1

The trial court conducted a hearing on the motion on November 3, 2005, and denied the motion on August 14, 2006. Petitioner's conviction and sentence were affirmed on direct appeal June 4, 2007. *Lowery v. State*, 282 Ga. 68 (2007).

In his objection, citing to *Chase v. State*, 277 Ga. 636 (2004), Petitioner's contends that "[t]he sentencing court . . . failed to indict, instruct, specifically define, then enter a limiting instruction on this essential element under proper jury guidance to the now newly required attempt to commit a 'violent' injury theory.'" (Doc. 32 at 3). To clarify, in *Chase*, the Georgia Supreme Court reversed the conviction of appellant, finding that the trial court failed to inform the jury that appellant had to have attempted to commit a violent injury on the victim in order to be found guilty of the charge of aggravated assault. *Chase*, 277 Ga. at 640. The Court noted that "the failure to inform the jury of an essential element of the crime charged is reversible error because the jury is left without appropriate guidelines for reaching its verdict." *Id.* (citing *Ancrum v. State*, 197 Ga. App. 819 (1990)). Per Plaintiff, he could not have reasonably raised his *Chase* objection in 2002 when he was convicted because *Chase* had not yet been decided.[1] (Doc. 32 at 4).

To begin, Petitioner asserted eight (8) grounds for relief in his original and amended federal habeas petitions, none of which included a ground that the trial court failed to inform the jury of the essential elements of the crime of aggravated assault during its instruction. The closest ground for relief raised in this respect was ground seven (7): Petitioner's contention that his conviction was obtained on a void indictment

---

[1] Any argument that the *Chase* case, if applicable for justifying a reversal of Petitioner's conviction, could not have been raised prior to the instant objection is unavailing since *Chase* was decided on February 2, 2004, and the record reflects that Petitioner was still actively pursuing his state case during the period from November 29, 2004 (when he filed an amended motion for a new trial), to January 14, 2008 (when he filed his state habeas petition).

2

in violation of his "due process" due to the fact that the indictment did not contain "every essential element." (Doc. 3 at 8). Judge Langstaff nonetheless recommended denying habeas relief since Petitioner failed to identify specific information not included in the indictment, or establish that the state habeas court's finding that this ground provided no basis for relief was contrary to or an unreasonable application of federal law. (Doc. 31 at 10).

Therefore, this Court finds that Petitioner, via his objection to the Magistrate's Recommendation (Doc. 32), is attempting to add a new ground for relief. However, Petitioner's attempt to add additional grounds to his petition, made more than three (3) years after the filing of his original and amended petitions, should be denied as untimely.[2] Accordingly, this Court will overrule Petitioner's objection to Judge Langstaff's Recommendation as not even presenting a valid objection, but instead seeking to assert a new ground for relief that is untimely.

Moreover, even if the Court did not find Petitioner's new ground for relief to be untimely asserted, a federal court may only grant habeas relief on behalf of a claim adjudicated on the merits in state court if the adjudication of the claim: 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Petitioner has failed to establish any evidence showing that either of the two exceptions

---

[2] Additionally, though the Court finds that any effort to add any new grounds to the petition at this juncture should be denied, the Court also notes that Petitioner did not raise his concerns regarding the jury instructions on aggravated assault in his appeal to the Georgia Supreme Court, or in his state habeas petition, and as such, this ground, if it had any merit (*see infra*), would be procedurally barred. *See Wainwright v. Sykes*, 433 U.S. 72 (1977).

3

outlined in section 2254(d) would apply. In fact, a review of the trial court's jury instructions finds that on the charge of "aggravated assault," the trial court instructed the jury as follows:

> As charged in count 3 of this indictment, a person commits the offense of aggravated assault when that person either (1) attempts to commit a *violent injury* to the person of another by intentionally shooting such person with a deadly weapon, or (2) intentionally shoots a person with a deadly weapon which act places another person in reasonable apprehension of immediately receiving a violent injury.

(Doc. 15-6 at 104, emphasis added). Thus, this Court finds no evidence that the Court ran afoul of *Chase*, or that the jury instruction failed to inform the jury of an essential element of the crime charged. Therefore, even if the Court considered Petitioner's new ground for relief on the merits, it would be similarly overruled.[3]

This Court has fully reviewed and considered the record. Having found that Petitioner has not presented any meritorious objection to the findings in the Magistrate's October 13, 2011 Recommendation, this Court finds that said Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, to the extent the same is consistent with this Order, for reason of the findings made and conclusions stated therein together with the findings made, reasons stated, and conclusions reached herein. Petitioner's objection (Doc. 32) is

---

[3] On November 18, 2011, 22 days after the period for filing objections to the Magistrate's October 13, 2011 Recommendation expired, Petitioner filed a "Brief in Transverse to All Raised Controverted Constitutional and Jurisdictional Questions" (Doc. 33). The Court construes this brief as an objection, and finds that it is untimely, and will therefore not be considered. Additionally, in this untimely "objection," Petitioner seems to add additional arguments to his contention that the trial court failed to instruct the jury on the "intent" to commit a violent injury element of aggravated assault. (*Id.* at 11). However, as stated above, even if considered on the merits, this argument fails since the jury charge contained an instruction on the "attempt to commit a *violent* injury" element of aggravated assault. Accordingly, Petitioner has alleged no grounds for overturning the state court's adjudication on the merits of his claim.

**OVERRULED**.  Accordingly, Petitioner's federal habeas petition (Docs. 3, 9) is hereby **DENIED**.

    **SO ORDERED**, this  20th  day of September, 2012.

                                        /s/ W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,**
                                        **UNITED STATES DISTRICT COURT**